UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

JOSEPH MAZELLA,

                       Defendant.
---------------------------------------------------------X

JUN 13 2012

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
11-cr-300 (CBA)

**AMON, Chief United States District Judge.**

On February 9, 2012, a jury found defendant Joseph Mazella guilty on counts one through nine and count eleven of an indictment charging him with securities fraud, wire fraud, and mail fraud. Defendant now moves for a judgment of acquittal as to all counts, pursuant to Fed. R. Crim. P. 29(c), and for a new trial on all counts, pursuant to Fed. R. Crim. P. 33. For the reasons that follow, defendant's motion is denied.

In reviewing a defendant's Rule 29 motion for acquittal on the ground that the trial evidence was insufficient as a matter of law, the court is "obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Florez*, 447 F.3d 145, 154-55 (2d Cir. 2006). "A defendant must prove that, viewing all of the evidence in the light most favorable to the government, 'no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.'" *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir. 2002) (quoting *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001)). The Second Circuit has noted that a defendant "bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." *Id.* (quoting *United States v. Samaria*, 239 F.3d 228, 233 (2d Cir. 2001).

The standard for granting a motion for a new trial pursuant to Rule 33 is similarly strict. *See United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995). In reviewing such a motion, "a district court may itself weigh the evidence and the credibility of witnesses, but in doing so, it must be careful not to usurp the role of the jury." *United States v. Canova*, 412 F.3d 331, 348-49 (2d Cir. 2005). "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice . . . . There must be a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted).

Defendant has not satisfied either standard. At trial, the Government offered considerable evidence of defendant's fraudulent scheme. Forty witnesses testified at trial. Over twenty of these witnesses had invested with defendant, and each testified, in essence, that defendant had obtained his or her investment through promises of guaranteed high rates of return, minimal risk, and the right to withdraw the investment with only thirty to ninety days' notice. The investor-witnesses' testimony further established that defendant would routinely reference certain properties—for example, a golf course in Greenville, NY—that he claimed to be using their investments to develop. Many investors also testified that defendant assured them when soliciting investments that his business was doing well despite the collapse of the real estate market. Indeed, the Government introduced a video of a July 2008 investment presentation defendant gave in which he discussed several of his development properties and claimed that his business was thriving.

Other evidence adduced at trial established that defendant's promises were false. Around the same time as defendant's July 2008 statements to prospective investors that business was good, defendant told investors seeking to withdraw their investments that business was poor. Cooperating witness Debbie Ricci-Urgo, an employee of defendant, testified that eventually defendant

began missing monthly interest payments, and that when investors called to ask about them, defendant told her to lie. Bank records introduced at trial showed that instead of using investor funds for real estate development, defendant was using them to pay out other investors. That defendant was not actually attempting to develop any of these properties was further corroborated by witnesses who testified that, for example, defendant took no steps to develop the vacant Greenville, NY lot that he had pitched as a golf course. Witness testimony told much the same story with respect to properties located in Utica, NY and Trenton, NJ.

Defendant claims that the above evidence is negated by testimony during the defense case suggesting that he did indeed take certain steps to develop properties. He points to over $800,000 in construction costs on properties in Trenton, NJ, as well as efforts with respect to certain joint ventures that apparently never came to fruition. As the Government points out, these alleged actions would account for only a fraction of the investments defendant induced with his statements. In any event, they do nothing to explain defendant's repeated misstatements regarding the health of his business or to refute the bank records, which establish that defendant was using investor funds to pay other investors.

Defendant's other argument is that the Government essentially convinced defendant's investors that they were "victims," thereby influencing their testimony. The jury apparently credited the testimony of these witnesses in spite of this argument, which defense counsel repeatedly advanced at trial. The Court sees no reason to upset this determination, which is plainly within the role of the jury.

Viewing all evidence and inferences in the light most favorable to the prosecution, a rational jury could have found defendant guilty of the counts of conviction. Moreover, reviewing the evidence adduced at trial, the Court cannot conclude that the guilty verdict is a manifest injustice.

Accordingly, defendant's motion for acquittal under Fed. R. Civ. P. 29 and for a new trial under Fed. R. Civ. P. 33 is denied.

SO ORDERED.

Dated: June 15, 2012
      Brooklyn, N.Y.

s/CBA

_____
Carol Bagley Amon
Chief United States District Judge